## FOR THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| JAY SPRINGER,<br><br>    Plaintiff and Counter-Defendant,<br><br>vs.<br><br>NORTHERN ENGINEERING & CONSULTING, INC. (NECI),<br><br>    Defendant and Counterclaimant. | Case No. CV-22-35-GF-BMM<br><br><br>**PROTECTIVE ORDER** |

    Pursuant to the Stipulation for Entry of Protective Order, and good cause appearing, the Court enters the following Protective Order:

    1.    Counsel for any party may designate as "CONFIDENTIAL" any and all documents, information, or portion thereof containing or related to any party's net worth, non-public information, confidential information, trade secrets, proprietary business information, competitively or commercially sensitive information, nonpublic personal information within the meaning of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) or similar privacy protection laws, the

disclosure of which would, in good faith judgment be detrimental to a party's business.  All such information shall be subject to the terms and conditions set forth in this Protective Order and shall be referred to herein as the "Protected Material".

2. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as such, provided that the material is designated pursuant to the procedures set forth herein.  If so designated, the document or information shall thenceforth be treated as "CONFIDENTIAL".

3. No party shall disclose Protected Material to any person except as provided in this Order.  Protected Material may be disclosed only to the following persons for the purpose of conducting this litigation:

    (a) Counsel representing any party in this litigation, including employees assisting such counsel;

    (b) Independent experts or consultants assigned in the prosecution or defense of this matter, to the extent deemed necessary by counsel, and such experts' or consultants' respective office staff;

    (c) Any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown

                Protected Material during and in preparation for his/her testimony and may not retain the Protected Material;

       (d)    The author of the documents;

       (e)    The Court and any persons employed by it working on this litigation; and

       (f)    Such other person(s) as the Court shall determine.

4.    Prior to disclosing or displaying the Protected Material to any person, counsel shall:

       (a)    Inform the person of the confidential nature of the information or documents; and

       (b)    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or document to any other person.

5.    Protected Material may be displayed to and discussed with the persons identified in paragraphs 3(b) and 3(c) only on the condition that prior to any such display or discussion, each such person shall be asked to execute an agreement to be bound by this Protective Order (the "Confidentiality Agreement"). A copy of the Confidentiality Agreement is attached hereto as Exhibit A. In the event such person refuses to sign the Confidentiality Agreement in the form attached as

Exhibit A, the party desiring to disclose the Protected Material may seek appropriate relief from the Court.  A copy of the signed Confidentiality Agreement shall be provided to opposing counsel prior to any disclosure.

      6.      Nothing contained in this Order shall prevent the use of Protected Material at trial or at depositions of witnesses in this matter.  If such confidential documents are used during the depositions of witnesses in this action, all portions of the transcripts of such depositions and exhibits which refer or relate to such confidential documents shall be treated as confidential and subject to this Protective Order, and the party introducing such confidential documents shall make arrangements with the deposition reporter to bind the confidential portion of the transcript and exhibit separately and label it "Confidential".

      7.      All confidential documents and information subject to confidential treatment in accordance with the terms of this Protective Order and which are filed with the Court shall be filed under seal to the extent permitted by law, and kept under seal until further order of the Court.

      8.      Within thirty (30) days of the conclusion of this matter as to all parties, counsel for the party who received Protected Material shall, upon request, return, or certify as destroyed, all Protected Material, including partial or complete copies, transcriptions, extracts, notes or summaries.  For archival purposes, counsel may retain pleadings, attorney and expert or consultant work product, depositions,

and correspondence and the parties' own internal memoranda, all of which shall remain subject to the provisions of this Protective Order.

9. Nothing in this Order shall prevent a party from any use of his or her own confidential documents, nor prevent any party from applying to the Court for any further Protective Order relating to Protected Material, or to object to the production of documents or information, or to apply to the Court for an order compelling production of documents or information.

10. If any Protected Material is disclosed to any person other than those authorized herein and/or other than in the manner authorized herein, then counsel for the party responsible for such disclosure must immediately:

    (a) Notify in writing to the designated party of the unauthorized use or disclosure;

    (b) Use its best efforts to retrieve all copies of the Protected Material;

    (c) Inform the person(s) to whom unauthorized disclosures were made of all the terms of this Protective Order; and

    (d) Request that such person(s) execute the Confidentiality Agreement to be bound by this Protective Order in the form attached hereto as Exhibit A.

11. By way of paragraph 10, the parties do not waive their rights to seek any available remedies for any damages resulting from the unauthorized disclosure or use of Protected Material information, including, but not limited to, attorney's fees.

12. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties or by order of the Court. The binding effect of this Protective Order shall survive termination of this action. The Court shall retain jurisdiction to enforce this Protective Order.

Dated this 13th day of January, 2023.

_____
Brian Morris, Chief District Judge
United States District Court

# EXHIBIT A

The undersigned has read the Protective Order entered on _____ by the United States District Court, for the District of Montana, Great Falls Division, in the matter of *Jay Springer v. Northern Engineering & Consulting, Inc. (NECI)*, Cause No. CV-22-35-GF-BMM, understands its contents, and shall undertake to make no disclosures of material marked "CONFIDENTIAL" to any person who is not permitted to have access to or use any Protected Material under the Protective Order. In addition, the undersigned agrees not to use Protected Material in any fashion or for any purpose other than as expressly authorized by the Protective Order.

Date: _____     Name: _____

                                                     Signature: _____