## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| JAY SPRINGER,<br><br>       Plaintiff,<br><br>v.<br><br>NORTHERN ENGINEERING &<br>CONSULTING, INC.,<br>       Defendant. | **CV-22-35-GF-BMM**<br><br><br>**ORDER** |

## INTRODUCTION

Plaintiff Jay Springer ("Springer") filed a motion in limine on October 2, 2023. (Doc. 45.) Defendant Northern Engineering & Consulting, Inc. ("NECI") opposes this motion. (Doc. 52.) The Court conducted a motion hearing on November 9, 2023, in Great Falls, Montana. (Doc. 60).

## FACTUAL AND LEGAL BACKGROUND

The facts mirror the facts presented in the Court's previous order in this matter. (Doc. 65.) This action concerns Springer's former employment relationship with NECI. Springer began working for NECI as a project manager in Havre, Montana in August 2012. (Doc. 6 at 3.) NECI terminated Springer on November 12, 2021. (*Id.* at 6.) Springer received a letter detailing his termination ("November 2021

letter"). (*Id.*) The November 2021 letter lists "lack of work" as the reason for Springer's termination. (*See* Doc. 4 at 9.) NECI claims that several important clients refused to continue working with Springer or refused to work with Springer on future projects, and that these refusals led to a lack of work. (Doc. 6 at 6.)

The Court previously denied Springer's motion for summary judgment. (Doc. 65.) The Court granted, in part, and denied, in part, NECI's motion for summary judgment. (*Id.*) The Court denied NECI's motion to strike. (*Id.*)

## LEGAL STANDARD

A motion in limine serves to preclude prejudicial or objectionable evidence before it is presented to the jury. The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). A motion in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF R.R. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827, at *1 (D. Mont. 2010). Evidence shall be excluded in limine only when it is shown that the evidence is inadmissible on all potential grounds. *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context. *Quad City Testing Laboratory*, 2010 WL 4337827 at *1.

## DISCUSSION

Springer seeks to exclude evidence and argument concerning the contention that he was terminated for any reason beside lack of work. (Doc. 46 at 1.) Springer seeks to exclude the following categories of information:

1) Any information from NECI employees Channing Kern, Bruce Beecher, or others that Springer's job performance was unsatisfactory or that Springer is biased towards certain ethnicities;
2) Any information that Springer used his work computer for personal uses;
3) Any information concerning Springer's previous criminal record;
4) Information concerning Springer's verbal altercations with Allan Rousch;
5) Any information concerning any alleged inappropriate interaction Springer had with Elizabeth HorseCapture-Azure;
6) Any information concerning the Fort Peck Tribe's allegations that Springer's interpersonal skills are inadequate; and
7) Any information that Springer stated he would stand by the termination decision and severance package offered by NECI.

(*Id.* at 2.) Springer cites to *Galbreath v. Golden Sunlight Mines*, 890 P.2d 382 (Mont. 1995), as standing for the proposition such evidence is collateral and irrelevant to the reason stated by NECI for terminating Springer in the November 2021 letter. (*Id.* at 3.)

The Court determines that Springer misreads *Galbreath*. The Montana Supreme Court recently interpreted *Galbreath* in *Smith v. Charter Communications, Inc.*, 592 P.3d 871 (Mont. 2023). The Montana Supreme Court in *Smith* determined that "[*Galbreath*] excludes irrelevant evidence that does not tend to make the existence of the discharge reason in the termination letter more or less probable; conversely, [*Galbreath*] does not exclude evidence that is relevant to support the

3

stated reason for discharge in the termination letter." *Id.* at 876. The Montana Supreme Court commented further that "evidence offered to 'substantiate the reasons [] already given in the termination letter' are admissible." *Id.* (citing *McConkey v. Flathead Elec. Coop.*, 125 P.3d 1121, 1127 (Mont. 2005)).

The Court recognizes that the November 2021 letter lists "lack of work" as the reason for Springer's termination. (*See* Doc. 4 at 9.) The Court gives credence to NECI's argument that the categories of evidence listed above may assist the trier of fact in "assess[ing] the stated reason for the discharge." (Doc. 52 at 8) (citation omitted). Unsatisfactory job performance, alleged ethnicity bias, verbal altercations with clients, inappropriate interactions with clients, and poor interpersonal skills all would seem to substantiate the reasons for Springer's discharge for "lack of work," as listed in the November 2021 letter. The Court declines to strike the evidence and argument categories listed by Springer.

The Court does not conclude, however, that all of the categories listed in Springer's motion in limine would be admissible during trial. The Court determines that it proves appropriate to stay consideration of the admissibility of evidence that substantiates the "lack of work" termination rationale listed in the November 2021 letter. The Court will consider independently each piece of such evidence during the course of trial, and will apply all relevant Federal Rules of Evidence.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Springer's motion in limine (Doc. 45) is **DENIED.**

DATED this 21st day of December 2023.

_____
Brian Morris, Chief District Judge
United States District Court